UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOEY LEE BOGEDAIN,

    Appellant,

-vs-

                                  CASE NO: 06-11831
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE

SAUL EISEN,
United States Trustee,

    Appellee.
_____/

**OPINION AND ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT**

This matter comes before this Court on appeal from judgment of the United States Bankruptcy Court, Eastern District of Michigan (the "bankruptcy court").[1]

## I.    BACKGROUND

The debtor, Joey Lee Bogedain ("Appellant") filed a Chapter 12 bankruptcy petition in the bankruptcy court, on March 16, 2006. On March 17, 2006, Appellant filed a Motion for Order Waiving Credit Counseling Due to Exigent Circumstances. Appellant argued that his bankruptcy filing "was a family farmer case with issues related to government programs specific to the agricultural industry." (U.S. Bankr. Ct. Order Denying Motion for Reconsideration on Credit Counseling, Bankr. Case No. 06-43044, Apr. 11, 2006, 1). Appellant argued in his

---

[1] The U.S. Trustee has argued that Appellant failed to follow the Federal Rules of Bankruptcy Procedure 8003(a), which requires that he file a motion with this Court for leave to appeal. However, Appellant did file a notice of appeal with this Court. As the U.S. Trustee points out, Federal Rule of Bankruptcy Procedure 8003(c) allows this Court to treat a notice of appeal as a motion for leave to appeal so long as the notice of appeal was timely filed and then decide the appeal. Because Appellant filed a notice of appeal within ten business days of the bankruptcy court's entry of the order, the Court will proceed to a decision on the appeal.

motion that credit counseling is not an eligibility requirement for a family farmer under 11 U.S.C. § 109(h), (*see infra* p. 3-4), and that there were no approved credit counselors capable of providing counseling to a family farmer. (*Id.*).

The bankruptcy court held a hearing on March 23, 2006, following which the court entered an order requiring counsel for Appellant and the U.S. Trustee to contact approved credit counselors for the Eastern District of Michigan and investigate whether any approved credit counselors were able to provide effective pre-filing counseling to a family farmer. (*Id.*). The court's order further stated that if any suitable credit counselors could be located, then Appellant's motion to waive credit counseling would be denied. (*Id.*). Conversely, if no credit counseling could be obtained, Appellant's motion would be granted. (*Id.*).

On April 6, 2006, Appellant filed a motion for reconsideration of the issue of the requirement of credit counseling prior to filing. He attached responses to his inquiry that he received from several credit counseling agencies across the country. (*Id.*). Of the eight responses that he received, seven agencies indicated that their credit counseling would be beneficial to a family farmer, and one agency stated that more information would be required. (*Id.* at 2). Accordingly, the bankruptcy court denied Appellant's motion to waive credit counseling requirements.

In the motion for reconsideration, Appellant argued that the language of 11 U.S.C. § 109(h) does not contain the words "family farmer." The bankruptcy court found that Section 101(18)(A) defines a family farmer as an individual, and as an individual debtor, he was required to comply with § 109(h). Thus, the court denied Appellant's motion for reconsideration, stating that it raised the same arguments previously rejected by the court.

On April 18, 2006, Appellant filed a notice of appeal from bankruptcy court. Appellant

filed a brief, and Appellee Monroe Bank & Trust ("Appellee Monroe") responded. Appellant filed a reply to Appellee's brief. On May 31, 2006, the caption of this case was amended to reflect that U.S. Trustee Saul Eisen is the named Appellee. The U.S. Trustee filed a brief on June 12, 2006, to which Appellant also replied. At oral argument, the Court heard from Appellant Bogedain, the U.S. Trustee, and Appellee Monroe.

### III. STANDARD OF REVIEW

This Court reviews findings of fact of the bankruptcy court under the clearly erroneous standard, while conclusions are law are reviewed *de novo*. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 476-77 (6th Cir. 1996); Fed. R. Bankr. P. 8013.

### IV. DISCUSSION

The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCA") provides, in pertinent part:

> (f) Only a family farmer or family fisherman with regular annual income may be a debtor under chapter 12 of this title [11 U.S.C. §§ 1201 et seq.].
>
> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> >
> > (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title [11 U.S.C. § 362].
>
> (h) (1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) [11 U.S.C. § 111(a)] an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and

3

assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(f) - (h)(1).  In order to be exempted from the credit counseling requirement, a debtor must submit certification that:

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(a) .

As noted in the statute, § 109 applies to those debtors who file for bankruptcy under Chapter 12.  The BAPCA also provides that the term "family farmer" means an "individual or individual and spouse engaged in a farming operation . . . " or a "corporation or partnership. . . ." 11 U.S.C. § 101(18)(A) - (B).

Appellant argues that because Congress chose not to include the term "family farmer" in § 109 (h)(1), individuals who are also family farmers are exempt from the requirement in that subsection that the individual undergo credit counseling.  The Court finds that the inclusion of the term "family farmer" in § 109(g) reflects Congress' intent to have the former subsection apply to both individuals <u>and</u> family farmers who may not be individuals (i.e., ones who are corporations or partnerships).  Accordingly, the inclusion of the term "individuals," coupled with the exclusion of the term "family farmers," in § 109(h)(1) establishes that Congress meant for this subsection to apply only to individual de`btors.  Appellant filed for bankruptcy as an individual under Chapter 12 for family farmers, which subjected him to the requirements of § 109(h)(1).  Therefore, the Court holds that Appellant was required to engage in credit

counseling prior to filing his bankruptcy petition.

Furthermore, in Appellant's initial Motion for Order Waiving Credit Counseling Due to Exigent Circumstances, Appellant never argued that he was exempt based upon his status as a family farmer. Rather, Appellant argued that there are no approved credit counselors capable of providing counseling to a family farmer. (*See* Bogedain Motion, Mar. 17, 2006). In response, the bankruptcy court ordered Appellant to investigate whether any approved counselors could provide useful counseling to a family farmer. (*See* Order Regarding Debtor's Motion to Excuse Credit Counseling, Mar. 24, 2006). Appellant then filed a motion to reconsider said order, arguing for the first time that family farmers were not required to undergo preliminary credit counseling, and attached to the motion the responses of several approved credit counseling agencies. Of the eight responses received, seven agencies indicated that they could indeed provide useful services to a family farmer. One agency indicated that it would need more information. (*See* Motion to Reconsider, Apr. 4, 2006). On this basis, the bankruptcy court denied Appellant's motion to waive credit counseling requirements. (*See* Bankruptcy Court Opinion and Order Denying Motion for Reconsideration on Credit Counseling, 2). Based upon a *de novo* review of the applicable law, the Court agrees with the bankruptcy court's findings.

## IV. CONCLUSION

For the reasons stated above, the Court AFFIRMS the bankruptcy court's finding that Appellant was required to comply with 11 U.S.C. § 109(h)(1). Appellant's appeal is DENIED.
**SO ORDERED.**

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: August 24, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 24, 2006.

                                                s/Denise Goodine
                                                Case Manager